Susan Frisbie
508 Redbud Way
Nevada City, CA  95959-2156
(775) 230-9339
nevadasierras@yahoo.com
PRO SE



**FILED**

AUG 21 2013

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**SACRAMENTO DIVISION**

SUSAN FRISBIE, pro se,          )     **Case No.:** 2 13 cv 1725 MCE DAD(PS)
                                )
            Plaintiff,          )     **VERIFIED COMPLAINT AND**
                                )     **DEMAND FOR TRIAL BY JURY**
        vs.                     )
                                )     **(Unlawful Credit Reporting Practices and**
SOUTHWEST CREDIT SYSTEMS, INC., )     **Unlawful Debt Collection Practices)**
LAURIE WHEELER,                 )
                                )
            Defendants          )
                                )

## PRELIMINARY STATEMENT

This is an action for damages brought for violations of the Fair Credit Reporting Act

(FCRA) 15 U.S.C. § 1681 *et seq.*, the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §

1692 *et seq.*, and the Rosenthal Fair Debt Collection Practices Act (RFDCPA) Calif. Civ. Code §

1788 *et seq.*

## JURISDICTION AND VENUE

1.  This court has jurisdiction under 15 U.S.C. § 1681p, 15 U.S.C. § 1692k(d), and 28 U.S.C.

    § 1331, and 28 U.S.C. §1367 grants this court supplemental jurisdiction over the state

    claims contained herein.

- 1 -

2. The occurrences which give rise to this action occurred in Nevada County, California, and Plaintiff resides in Nevada County, California.

3. Venue is proper in the Eastern District of California Sacramento Division pursuant to 28 U.S.C. § 1391(b)(2).

4. All conditions precedent to the bringing of this action have been performed.

**PARTIES**

5. The Plaintiff in this lawsuit is Susan Frisbie, a natural person, who resides in Nevada County, California.

6. Defendant SOUTHWEST CREDIT SYSTEMS, INC. is a debt collector as that term is defined by 15 U.S.C. §1692a(6) and Cal. Civ. Code §1788.2(c), and sought to collect a consumer debt by contacting the Plaintiff.

7. Defendant SOUTHWEST CREDIT SYSTEMS, INC. is a national company with headquarters at 4120 International Parkway, Suite 1100, in Carrollton, Texas.

8. Defendant SOUTHWEST CREDIT SYSTEMS, INC. conducts business in the state of California.

9. Defendant Laurie Wheeler is an employee of unknown capacity within the Collection Department at SOUTHWEST CREDIT SYSTEMS, INC.

**FACTUAL ALLEGATIONS**

10. On November 28, 2012, Defendant SOUTHWEST CREDIT SYSTEMS, INC. obtained Plaintiff's credit report from Experian.

11. Plaintiff received a debt collection letter from Defendant SOUTHWEST CREDIT SYSTEMS, INC. on or about November 29, 2012 demanding payment of a debt alleged to be owed to AT&T in the amount of $308.31.

- 2 -

12. On December 11, 2011, Plaintiff sent a timely demand for validation of the alleged debt to Defendant SOUTHWEST CREDIT SYSTEMS, INC. by certified mail #70033110000030251437.

13. Defendant SOUTHWEST CREDIT SYSTEMS, INC. received Plaintiff's demand for validation letter on December 14, 2012 per the U.S.P.S. Mail Track & Confirm.

14. Plaintiff received no response at any time to her communication demanding validation of the alleged debt from Defendant SOUTHWEST CREDIT SYSTEMS, INC.

15. During the month of February 2013, Defendant SOUTHWEST CREDIT SYSTEMS, INC. reported a delinquent account on Plaintiff's consumer credit report with Experian, Equifax, and TransUnion.

16. On March 3, 2013, Plaintiff obtained her consumer credit reports from all three consumer reporting agencies.

17. Plaintiff determined after examination of her Experian consumer credit report that Defendant SOUTHWEST CREDIT SYSTEMS, INC. had made a credit inquiry on November 28, 2012.

18. After additional examination of all three credit reports, Plaintiff discovered Defendant SOUTHWEST CREDIT SYSTEMS, INC. had listed her as having a delinquent account with Experian, Equifax, and TransUnion.

19. On March 4, 2013, Plaintiff sent a dispute to TransUnion regarding the SOUTHWEST CREDIT SYSTEMS, INC. account information and requested its removal.

20. On or about April 4, 2013, TransUnion mailed Plaintiff a notice that the SOUTHWEST CREDIT SYSTEMS, INC. delinquent account had been removed from her consumer report.

- 3 -

21. On June 14, 2013, Plaintiff sent a dispute to both Equifax and Experian regarding the SOUTHWEST CREDIT SYSTEMS, INC. account information and requested its removal.

22. On or about June 21, 2013, Equifax mailed Plaintiff a notice that the SOUTHWEST CREDIT SYSTEMS, INC. delinquent account had been removed from her consumer report.

23. On or about July 2, 2013, Experian mailed Plaintiff a notice that the SOUTHWEST CREDIT SYSTEMS, INC. delinquent account had been removed from her consumer report.

24. On July 23, 2013, Plaintiff sent a letter to SOUTHWEST CREDIT SYSTEMS, INC. demanding to know why they obtained her credit report on November 28, 2012. This demand letter was sent by certified mail #70123460000106247715.

25. Defendant SOUTHWEST CREDIT SYSTEMS, INC. received Plaintiff's demand letter for validation of permissible purpose on July 25, 2013, per the U.S.P.S. Mail Track & Confirm.

26. Plaintiff received a response from Defendant SOUTHWEST CREDIT SYSTEMS, INC. dated July 25, 2013 stating that the credit reporting agencies "have been instructed to fully delete any information regarding this account which had previously been reported to them by this office." Defendant SOUTHWEST CREDIT SYSTEMS, INC.'s letter also states, "This is an attempt to collect a debt by a debt collector. Any information obtained will be used for that purpose." This letter was sent from Defendant Laurie Wheeler within SOUTHWEST CREDIT SYSTEMS, INC.'s Collection Department.

- 4 -

27. Plaintiff received no response at any time to her July 25, 2013 demand for validation of permissible purpose for Defendant SOUTHWEST CREDIT SYSTEMS, INC. obtaining her credit report.

28. On July 30, 2013, Plaintiff sent Defendant SOUTHWEST CREDIT SYSTEMS, INC. a Notice of Intent to Litigate for FDCPA, RFDCPA, and FCRA violations in an effort to mitigate damages and reach a settlement before taking civil action against them.  This letter was sent by certified mail #70123460000106247739.

29. Defendant SOUTHWEST CREDIT SYSTEMS, INC. received Plaintiff's Notice of Intent to Litigate on August 1, 2013, per the U.S.P.S. Mail Track & Confirm.

30. At no time has Plaintiff heard back from Defendant SOUTHWEST CREDIT SYSTEMS, INC. or Defendant Laurie Wheeler regarding Plaintiff's Notice of Intent to Litigate.

31. Discovery of FCRA violations brought forth herein occurred in March 2013 and are within the statute of limitations as defined in the FCRA, 15 U.S.C. § 1681p.

## COUNT I

## VIOLATION OF FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681b WILLFUL NON-COMPLIANCE BY DEFENDANT SOUTHWEST CREDIT SYSTEMS, INC.

32. Plaintiff repeats, re-alleges and incorporates by reference all of the foregoing paragraphs.

33. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

34. Experian, TransUnion, and Equifax are credit reporting agencies within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

35. Consumer credit report is a consumer report within the meaning of the FCRA, 15 U.S.C. § 1681a(d)(1).

36. The FCRA, 15 U.S.C. § 1681b defines the permissible purposes for which a person may obtain a consumer credit report.

- 5 -

36. Such permissible purposes as defined by 15 U.S.C. § 1681b are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

37. Plaintiff has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from Defendant SOUTHWEST CREDIT SYSTEMS, INC.

38. At no time did Plaintiff give her consent for Defendant SOUTHWEST CREDIT SYSTEMS, INC. to acquire her consumer credit report from any credit reporting agency.

39. On November 28, 2011, Defendant SOUTHWEST CREDIT SYSTEMS, INC. obtained the Experian consumer credit report of Plaintiff with no permissible purpose, in violation of the FCRA, 15 U.S.C. § 1681b.

40. The actions of Defendant SOUTHWEST CREDIT SYSTEMS, INC. in obtaining the consumer credit report of Plaintiff with no permissible purpose, or Plaintiff's consent, was a willful violation of the FCRA, 15 U.S.C. § 1681b and an egregious violation of Plaintiff's right to privacy.

**WHEREFORE**, Plaintiff, Susan Frisbie, demands judgment be entered against Defendant SOUTHWEST CREDIT SYSTEMS, INC. for the following:

41. Statutory damages in the amount of $1,000 pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681p.

42. Any attorney's fees and costs pursuant to 15 U.S.C. § 1681n.

43. Any other relief that this Honorable Court deems appropriate.

- 6 -

PLAINTIFF'S COMPLAINT

## COUNT II

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) 15 U.S.C. § 1692 *et seq.* BY DEFENDANT SOUTHWEST CREDIT SYSTEMS, INC.

45. Plaintiff repeats, re-alleges and incorporates by reference all of the foregoing paragraphs.

46. Plaintiff is a consumer within the meaning of the FDCPA § 1692a(3).

47. SOUTHWEST CREDIT SYSTEMS, INC. is a debt collector within the meaning of the FDCPA § 1692a(6).

48. Laurie Wheeler is a debt collector within the meaning of the FDCPA § 1692a(6).

49. In February 2013 Defendant SOUTHWEST CREDIT SYSTEMS, INC. reported a delinquent account to all three credit reporting agencies on Plaintiff's consumer credit reports. Additionally, on or about July 29, 2013 Plaintiff received a collection notice dated July 25, 2013 from Defendant SOUTHWEST CREDIT SYSTEMS, INC. signed by Defendant Laurie Wheeler.  Plaintiff had received a previous collection notice from Defendant SOUTHWEST CREDIT SYSTEMS, INC. and had made a timely demand for validation of the alleged debt.  That demand had not been complied with.  Subsequent reporting of a delinquent account with all three credit reporting agencies, as well as Plaintiff's receipt of another demand for payment letter from Defendant SOUTHWEST CREDIT SYSTEMS, INC., sent by Defendant Laurie Wheeler, was a blatant violation of 15 U.S.C. §1692g(b).

50. Defendant SOUTHWEST CREDIT SYSTEMS, INC. used "false representation or deceptive means to collect or attempt to collect any debt," in violation of 15 U.S.C. §1692e(10), when they reported the false delinquent account on all three of Plaintiff's consumer credit reports.

51. Defendant SOUTHWEST CREDIT SYSTEMS, INC. *made false* information available to other persons who might obtain Plaintiff's consumer credit report when they placed the delinquent account with the three credit reporting agencies; thereby Defendant SOUTHWEST CREDIT SYSTEMS, INC. engaged in "communicating or threatening to communicate to any person credit information which is known or should be known to be false," in violation of 15 U.S.C. §1692e(8).

**WHEREFORE**, Plaintiff, Susan Frisbie, demands judgment be entered against Defendant SOUTHWEST CREDIT SYSTEMS, INC., for the following:

52. Statutory damages in the amount of $1,000 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k(2)(A).

53. Any attorney's fees and costs pursuant to 15 U.S.C. § 1692k(2)(A).

54. Any other relief that this Honorable Court deems appropriate.

## COUNT III

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) 15 U.S.C. §1692 *et seq.* BY DEFENDANT LAURIE WHEELER

55. Plaintiff repeats, re-alleges and incorporates by reference all of the foregoing paragraphs.

56. Plaintiff sent an inquiry to Defendant SOUTHWEST CREDIT SYSTEMS, INC. dated July 23, 2013 asking why Defendant SOUTHWEST CREDIT SYSTEMS, INC. obtained Plaintiff's credit report on November 28, 2012.

57. Plaintiff received a response dated July 25, 2013 from Defendant Laurie Wheeler wherein she made another demand for payment of the alleged debt on behalf of SOUTHWEST CREDIT SYSTEMS, INC. This is an attempt to collect a debt when no validation had yet been previously provided, in violation of 15 U.S.C. §1692g(b).

PLAINTIFF'S COMPLAINT

1    **WHEREFORE**, Plaintiff, Susan Frisbie, demands judgment be entered against Defendant

2  Laurie Wheeler for the following:

3    58. Statutory damages in the amount of $1,000 pursuant to the Fair Debt Collection Practices

4
        Act, 15 U.S.C. § 1692k(2)(A).
5

6    59. Any attorney's fees and costs pursuant to 15 U.S.C. § 1692k(2)(A).

7    60. Any other relief that this Honorable Court deems appropriate.

8                **COUNT IV**

9    **VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES**

10  **ACT (RFDCPA) CAL. CIV. CODE § 1788 *et seq*. BY DEFENDANT SOUTHWEST CREDIT SYSTEMS, INC.**

11

12    61. Plaintiff repeats, re-alleges and incorporates by reference all of the foregoing paragraphs.

13    62. Plaintiff is a consumer within the meaning of FDCPA § 1692a(3) and Cal. Civ. Code §

14        1788.2(d).

15    63. SOUTHWEST CREDIT SYSTEMS, INC. is a debt collector within the meaning of

16        FDCPA § 1692a(6) and Cal. Civ. Code § 1788.2(d).

17

18    64. Laurie Wheeler is a debt collector within the meaning of FDCPA § 1692a(6) and Cal. Civ.

19        Code § 1788.2(d).

20    65. In February 2013 Defendant SOUTHWEST CREDIT SYSTEMS, INC. reported a

21        delinquent account to all three credit reporting agencies on Plaintiff's consumer credit

22        reports. Additionally on or about July 29, 2013 Plaintiff received a collection notice dated

23
        July 25, 2013 from Defendant SOUTHWEST CREDIT SYSTEMS, INC. and signed by
24

25        Defendant Laurie Wheeler. Plaintiff had received a previous collection notice from

26        Defendant SOUTHWEST CREDIT SYSTEMS, INC. and had made a timely demand for

27        validation of the alleged debt. That demand had not been complied with. Subsequent

28

reporting of a delinquent account with all three credit reporting agencies, as well as Plaintiff's receipt of another demand for payment letter from Defendant SOUTHWEST CREDIT SYSTEMS, INC., sent by Defendant Laurie Wheeler, was a violation of Cal. Civ. Code § 1788.17 of the RFDCPA by failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692 *et seq.* to wit: Section 1692g(b).

66. Defendant SOUTHWEST CREDIT SYSTEMS, INC. used "false representation or deceptive means to collect or attempt to collect any debt," in violation of Cal. Civ. Code § 1788.17 of the RFDCPA by failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692 *et seq.* to wit: Section 1692e(10), when they reported the false delinquent account on all three of Plaintiff's consumer credit reports.

67. Defendant SOUTHWEST CREDIT SYSTEMS, INC.  made false information available to other persons who might obtain Plaintiff's consumer credit report when they placed the delinquent account with the three credit reporting agencies; thereby Defendant SOUTHWEST CREDIT SYSTEMS, INC. engaged in "communicating or threatening to communicate to any person credit information which is known or should be known to be false," in violation of Cal. Civ. Code § 1788.17 of the RFDCPA by failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692 *et seq.* to wit: Section 1692e(8).

**WHEREFORE**, Plaintiff, Susan Frisbie, demands judgment be entered against Defendant SOUTHWEST CREDIT SYSTEMS, INC. for the following:

68. Statutory damages in the amount of $1,000 pursuant to the Rosenthal Fair Debt Collection Practices Act (RFDCPA), Cal. Civ. Code § 1788.30(b).

- 10 -

69. Any attorney's fees and costs pursuant to 15 the Rosenthal Fair Debt Collection Practices Act (RFDCPA), Cal. Civ. Code § 1788.30(c).

70. Any other relief that this Honorable Court deems appropriate.

## COUNT V

### VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (RFDCPA) CAL. CIV. CODE § 1788 *et seq.* BY DEFENDANT LAURIE WHEELER

71. Plaintiff repeats, re-alleges and incorporates by reference all of the foregoing paragraphs.

72. Plaintiff sent an inquiry demand letter to Defendant SOUTHWEST CREDIT SYSTEMS, INC. dated July 23, 2013 asking why Defendant SOUTHWEST CREDIT SYSTEMS, INC. obtained Plaintiff's credit report on November 28, 2012.

73. Plaintiff received a response dated July 25, 2013 from Defendant Laurie Wheeler wherein she made another demand for payment of the alleged debt on behalf of SOUTHWEST CREDIT SYSTEMS, INC. This is an attempt to collect a debt when no validation had yet been provided, in violation of Cal. Civ. Code § 1788.17 of the RFDCPA by failing to comply with the statutory regulations contained within 15 U.S.C. §1692 *et seq.* to wit: Section 1692g(b).

**WHEREFORE**, Plaintiff, Susan Frisbie, demands judgment be entered against Defendant Laurie Wheeler, for the following:

74. Statutory damages in the amount of $1,000 pursuant to the Rosenthal Fair Debt Collection Practices Act (RFDCPA), Cal. Civ. Code § 1788.30(b).

75. Any attorney's fees and costs pursuant to 15 the Rosenthal Fair Debt Collection Practices Act (RFDCPA), Cal. Civ. Code § 1788.30(c).

76. Any other relief that this Honorable Court deems appropriate.

- 11 -

RESPECTFULLY SUBMITTED,

Dated:  August 20, 2013

*Susan Frisbie*

Susan Frisbie
508 Redbud Way
Nevada City, CA  95959-2156
(775) 230-9339

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, Susan Frisbie, hereby demands trial by jury in this action.

- 12 -

Plaintiff, SUSAN FRISBIE, states as follows:

1. I am the Plaintiff in this civil proceeding.
2. I wrote the above-entitled civil Complaint, and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well-grounded in fact and warranted by existing law or by a good-faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by me where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwriting notations.

Pursuant to 28 U.S.C. §1746(2), I, SUSAN FRISBIE, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE: _August 20, 2013_          _Susan Frisbie_
                                 SUSAN FRISBIE

- 13 -

PLAINTIFF'S COMPLAINT

# CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

CIVIL CODE § 1189

State of California

County of _NEVADA_ }

On _08/20/13_ before me, _ANDREA BAKER, NOTARY_
   Date                                    Here Insert Name and Title of the Officer

personally appeared _SUSAN FRISBIE_
                                      Name(s) of Signer(s)

_____,

ANDREA BAKER
Commission # 1992819
Notary Public - California
Nevada County
My Comm. Expires Oct 1, 2016

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature_____
                               Signature of Notary Public

Place Notary Seal Above

--------------------- OPTIONAL ---------------------

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

**Description of Attached Document**

Title or Type of Document: _U.S. DISTRICT COURT-VERIFIED_

Document Date: _COMPLAINT & DEMAND_   Number of Pages: _13_

Signer(s) Other Than Named Above: _AUGUST 20, 2013_

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: _____
☐ Corporate Officer — Title(s): _____
☐ Individual
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____
_____
Signer Is Representing: _____

RIGHT THUMBPRINT
OF SIGNER
Top of thumb here

Signer's Name: _____
☐ Corporate Officer — Title(s): _____
☐ Individual
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____
_____
Signer Is Representing: _____

RIGHT THUMBPRINT
OF SIGNER
Top of thumb here